# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John R. Georgas, | No. CV-18-00382-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| James R. Hladik, *et al.*, | |
| Defendants. | |

At issue is *pro se* Plaintiff John R. Georgas's Application for Entry of Default (Doc. 11) and the Clerk's Entry of Default (Doc. 12).

In the ordinary course, the Court would now require that Plaintiff file a Motion for Default Judgment under Federal Rule of Civil Procedure 55(b). Under that rule, the Court has discretion to grant default judgment against Defendants. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). Factors the Court should consider in deciding whether to grant default judgment include (1) the possibility of prejudice to Plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, if any, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Considering the Plaintiff is proceeding *pro se*, the Court undertook an initial evaluation of the sufficiency of Plaintiff's Complaint (Doc. 1, Compl.) and finds numerous defects in it as well as two of the Certificates of Service (Docs. 7-9).

### A. Federal Rule of Civil Procedure 8

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Even where a complaint has the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim," it may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). A dismissal for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

As a threshold matter, the Complaint lacks any statement of the grounds for this Court's subject matter jurisdiction, as required by Rule 8(a). This defect alone is cause for the Court to dismiss the Complaint. *See Watson v. Chessman*, 362 F. Supp. 2d 1190, 1194 (S.D. Cal. 2005). Plaintiff's Complaint also does not state what the specific legal basis is for his claims—whether that be a state law cause of action such as negligence or a federal cause of action under a particular statute—and the Complaint thus fails to adequately state a claim under Rule 8. The Court must therefore dismiss Plaintiff's claims, but will allow Plaintiff an opportunity to amend his Complaint to cure the defects. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). The Court advises Plaintiff that resources for persons proceeding *pro se* are available on the Court's website, www.azd.uscourts.gov, under the tab marked "For those Proceeding Without an Attorney."

### B. Subject Matter Jurisdiction in Federal Court

Unlike state courts, federal courts only have jurisdiction over a limited number of cases, and those cases typically involve either a controversy between citizens of different states ("diversity jurisdiction") or a question of federal law ("federal question jurisdiction"). *See* 28 U.S.C. §§ 1331, 1332. The United States Supreme Court has stated

that a federal court must not disregard or evade the limits on its subject matter jurisdiction. *Owen Equip. & Erections Co. v. Kroger*, 437 U.S. 365, 374 (1978). Thus, a federal court is obligated to inquire into its subject matter jurisdiction in each case and to dismiss a case when subject matter jurisdiction is lacking. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3). To proceed in federal court, a plaintiff must allege enough in the complaint for the court to conclude it has subject matter jurisdiction. *See* Fed. R. Civ. P. 8(a); Charles Alan Wright & Arthur R. Miller, *5 Fed. Practice & Procedure* § 1206 (3d ed. 2014).

In addition to the defects identified above, the allegations contained in the Complaint are insufficient for the Court to conclude it has subject matter jurisdiction over this matter. First, from the face of the Complaint, the Court cannot conclude that it has diversity jurisdiction over Plaintiff's claims because the parties do not appear to be citizens of different states. *See* 28 U.S.C. § 1332.

Second, although Plaintiff does not identify any law serving as the basis of his claims, Plaintiff's allegations do not appear to raise any claim under federal law. *See* 28 U.S.C. § 1331. Because Plaintiff's allegations are not sufficient for the Court to conclude it has subject matter jurisdiction in this case, the Court must dismiss the Complaint for this additional reason.

### C. Service of Process

Plaintiff filed three Certificates of Service (Docs. 7, 8, 9) for service of the Complaint and Summons in this case, but it appears that service on two of the Defendants (Docs. 7, 8 (Gerald Trkula & Daniel Ratkus)) may not have been proper under Federal Rule of Civil Procedure 4. Specifically, Rule 4(e)(2) provides that a defendant may be served through "an agent authorized by appointment or by law to receive service of process." While Plaintiff's Certificates of Service allege that Trkula and Ratkus were served through Maria Amarillas, their "Legal Assistant" who stated she is authorized to accept service on their behalf, they were served at their place of work and, presumably, in their professional capacities. Among its other defects, the Complaint does not state that

these Defendants are being sued in anything other than their personal capacities. Any future service of process method must be aligned with the parties as identified in the Complaint.

IT IS THEREFORE ORDERED vacating the Clerk's Entry of Default (Doc. 12).

IT IS FURTHER ORDERED dismissing Plaintiff's Complaint (Doc. 1) for failure to state a claim.

IT IS FURTHER ORDERED permitting Plaintiff to file an Amended Complaint by June 22, 2018, that complies with the provisions of this Order and the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the Clerk of the Court shall dismiss this action without further notice if Plaintiff fails to make the required filing by June 22, 2018.

Dated this 1st day of June, 2018.

Honorable John J. Tuchi
United States District Judge